UNITED STATES of America,
Plaintiff—Appellant,

v.

Derrick Jermaine JAY and Deon Lea-
quone Baker, aka Dion Leaguone
Baker, Defendants—Appellees.

No. 03–30026.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 2004.

Decided Jan. 26, 2004.

Scott Kerin, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellant.

Nancy Bergeson, Esq., Federal Public Defender's Office, Gary B. Bertoni, Esq., Portland, OR, for Defendants–Appellees.

Before: HUG, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM *

The government appeals the district court's order granting a motion to sup-

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

press evidence. We reverse and remand for further proceedings.

■ 1. The district court erred when it asserted that the government had "disclaim[ed] any reliance on *Terry [v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),] in this case." Although the written materials and colloquies with the court were far from crystal clear, the government cited *Terry* in all but its final supplemental briefs and argued that the officers had "reasonable suspicion," as well as "probable cause." The government never waived or abandoned its *Terry* theory.

■ 2. The facts found by the district court, which are not clearly erroneous, establish that the officers had a reasonable suspicion that Defendants Baker and Jay were engaged in illegal activity, specifically related to illegal possession of a firearm or possession of drugs. *See United States v. Fernandez–Castillo,* 324 F.3d 1114, 1117 (9th Cir.) (stating that we review motions to suppress de novo but review the district court's factual findings for clear error), *cert. denied,* —— U.S. ——, 124 S.Ct. 418, 157 L.Ed.2d 299 (2003). The officers therefore permissibly could initiate a *Terry* stop when they encountered Defendants on N.E. Portland Boulevard Court and could question Defendants. Indeed, the district court noted that "a *Terry* stop and investigative inquiry would have been warranted" with respect to a possible drug crime, and the court listed a variety of factors that supported "the reasonableness of the officers' suspicions" that Defendants were involved in criminal activity.

■ 3. Initially, the encounter between Officer Santos and Defendants was objectively consistent with a *Terry* stop. Officer Santos was covering the situation alone, Defendants did not immediately comply with his orders, and Officer Santos

had a reasonable suspicion that Defendants were armed. Officer Santos' decision to draw his weapon and, when other officers arrived, to handcuff Defendants, was a reasonable response to legitimate safety concerns. *See United States v. Miles,* 247 F.3d 1009, 1012–13 (9th Cir. 2001) (explaining scope of *Terry* stop).

■ 4. We need not decide whether an arrest had occurred before Jay made his incriminating statements in the back of the patrol car, or whether the police had probable cause for such an arrest, because we hold that, "by following routine procedures, the police would inevitably have uncovered [the drugs and guns in the gray Chevrolet Caprice]." *United States v. Ramirez–Sandoval,* 872 F.2d 1392, 1399 (9th Cir.1989). The officers had a reasonable suspicion that Defendants were armed, and Officer Santos feared that Baker was reaching for a gun under the passenger seat. In these circumstances, a protective sweep of the car would have been a reasonable (and, on these facts, an inevitable) response to legitimate safety concerns. *See Michigan v. Long,* 463 U.S. 1032, 1049–50, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Miles,* 247 F.3d at 1012–13. The officers would have checked the Caprice for weapons before allowing Defendants back into the car after an investigatory stop.

The items found in the car are not subject to suppression, because they inevitably would have been found as part of the *Terry* stop.

5. The items found in the car, in turn, would have given the officers probable cause to arrest both Defendants and probable cause to obtain a search warrant for Ms. Foster's duplex. Therefore, Jay's statements and the items found in Foster's

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

duplex likewise are not subject to suppression.

REVERSED and REMANDED for further proceedings.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.